# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:08CR00013 |
| v. ) | **OPINION** |
| ) | |
| **EDDIE RAY McCRACKEN**, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

In this prosecution for possession of child pornography, I set forth the reasons for a sentence below the advisory guideline range.

I

The defendant, Eddie Ray McCracken, pleaded guilty to a one-count Indictment charging him with knowingly possessing a computer disk with images of child pornography, in violation of 18 U.S.C.A. § 2252A(a)(5)(B) (West Supp. 2009). In preparation for sentencing, a probation officer of this court prepared a Presentence Investigation Report ("PSR"), which detailed the offense conduct and the defendant's personal history. In addition, at the request of the defendant, the court directed that

he undergo a psychosexual evaluation for the benefit of the court in determining sentence, as authorized by 18 U.S.C.A. § 3552(b), (c) (West 2000). The report of that evaluation, which included a polygraph and a penile plethysmograph, has been filed. In addition, he received a psychological evaluation by a licensed clinical psychologist, the written report of which I have also reviewed.

A sentencing hearing was held on October 16, 2009, at which evidence was received from Rudy Flora, a certified sex offender treatment provider, and the defendant's mother, Reba McCracken.

The defendant is 38 years old. He has no prior criminal history. He has never married and has always lived with his parents. His father died in 1992, and he now lives alone with his mother in a rented mobile home in a small town. While he is of average intelligence, he left school after failing the eighth grade. He reports being bullied and teased as a child in school.

Later in his life, the defendant obtained a GED and attended a local community college and took correspondence courses from a school in Vermont, to which he would travel periodically.[1] He does not drive and has no assets. Until he was charged

---

[1] The defendant claims he received a bachelor's degree from the Vermont school and that he stayed in Vermont for 10 days every six months over a three-year period, although the probation officer has not been able to verify this information.

in this case, he never had a job. He is now working as a stock person at a local grocery store.

In 2007, an FBI computer analyst, operating undercover, downloaded files containing child pornography from a specific internet protocol ("IP") address. Based on an administrative subpoena to an internet service provider, the FBI determined that the IP address was assigned to the defendant. A search warrant was obtained for the defendant's residence and a laptop computer in his bedroom was seized which, upon analysis, disclosed 246 images of child pornography. The images were of children of various ages, posed in sexual positions or engaging in sex.

Upon questioning by the FBI, the defendant eventually admitted that he had downloaded the images found on his computer. He reported to evaluator Flora that at the time he did not see the children as victims and did not realize that his activity was illegal.

The FBI was able to identify some of the children shown in the images that the defendant downloaded and the mothers of two of the children have submitted anonymous victim impact statements, describing the severe psychological harm suffered by their children as a result of having been photographed and their images transmitted over the Internet.

The psychological evaluation of the defendant found that he is introverted, withdrawn and lacks basic social skills. His mother testified that he has no friends or visitors. Psychologically, he is diagnosed with Adjustment Disorder with Mixed Features of Anxiety and Depression and Schizoid Personality Disorder.[2]

The evaluators found the defendant to be in the "moderate-low range" for reoffending, and "unassertive and passive," without "aggressive features." The psychologist opined that the defendant's "emotional detachment may make it difficult for him to form an effective therapeutic and legal relationship with his providers" and that "his personalty adjustment is long-term in nature and he is likely to show minimal changes." It was recommenced that he have no unsupervised contact with children.

The PSR correctly calculated the defendant's advisory sentencing guideline range in the case, to which there was no objection. The Base Offense Level for a violation of 18 U.S.C.A. § 2252A(a)(5)(B) is 18, based on U.S. Sentencing Guideline

---

[2] Schizoid Personality Disorder is a psychiatric condition characterized by being distant, detached, and indifferent to social relationships. People afflicted tend to be reclusive and have difficulty relating to others and often appear odd or peculiar. *See* Cleveland Clinic, *Schizoid Personality Disorder,* http://my.clevelandclinic.org/personality disorders (last visited Oct. 22, 2009). "People with schizoid personality disorder are rarely violent, as they prefer not to interact with people." *Id.*

Manual ("USSG") § 2G2.2(a)(1) (2008).[3] Added to that Base Offense Level are two levels because one or more of the children depicted were prepubescent, USSG § 2G2.2(b)(2); two levels because the offense involved the use of a computer, USSG 2G2.2(b)(6); and three levels because the offense involved at least 150 images, USSG § 2G2.2(b)(7)(B), for an Adjusted Offense Level of 25. The defendant received a three-level reduction because of his acceptance of responsibility, resulting in a Total Offense Level of 22, with a Criminal History Category of I. His advisory sentencing range is thus 41 to 51 months.

The government has requested a sentence within the guideline range, while the defendant seeks a sentence below that range, based on the defendant's psychiatric diagnosis and social history.

II

While I must begin the sentencing process by "correctly calculating the applicable Guidelines range," *Gall v. United States*, 552 U.S. 38, 49 (2007), I may

---

[3] The defendant was not charged with "receiving" the images in question, 18 U.S.C.A. § 2252A(a)(2) (West Supp. 2009), but only with "possessing" them. The Base Offense Level for receiving child pornography is 22, USSG § 2G2.2(a)(2) (2008), and there is a five-year statutory mandatory minimum, 18 U.S.C.A. § 2252A(b)(1) (West Supp. 2009). Had he been convicted of receiving the images, his guideline range would have been 60 to 63 months and a sentence under 60 months would have been precluded by statute.

reject a sentence within the range "because a sentence within the Guidelines fails to reflect the other [18 U.S.C.] § 3553(a) factors or 'because the case warrants a different sentence regardless.'" *United States v. Evans*, 526 F.3d 155, 161 (4th Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 351 (2007)).

In imposing a sentence, I must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as

> the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2009).[4]  In summary, the statutory purposes of a sentence are to punish the defendant, to deter him and others from future crimes, to incapacitate the defendant in order to protect the public, and to rehabilitate the defendant. *United States v. Raby*, 575 F.3d 376, 380 (4th Cir. 2009). Accordingly, I am required to impose a sentence "sufficient, but not greater than necessary," to comply with these purposes. 18 U.S.C.A. § 3553(a).

---

[4] While a sentence below the guideline range is also authorized in some circumstances on the basis of departures specifically authorized by the Guidelines Manual, the defendant does not seek a departure on any of those grounds.

I find that a sentence within the advisory guideline range in this case does not reflect the 3553(a) factors and the circumstances warrant a different sentence.[5]

There is no question but that possession of child pornography is a serious offense, and the sentence ought to reflect that seriousness. Each child who is the subject of a pornographic image suffers harm, as the victim impact statements filed in this case attest to in detail. The market for this evil and its continued production exists because the defendant and others like him chose to view it. Moreover, because possession of child pornography is usually secretive, and thus hard to detect, and because some habitués believe it to be harmless, deterrence of others is a particularly appropriate factor for the court to consider. These factors point to a lengthy prison sentence.

---

[5] Some courts have declined full or even limited deference to the guideline ranges in child pornography cases because of the perceived severity of the guidelines and their origin in congressional mandate, rather than in Sentencing Commission empirical research. *See, e.g., United States v. McElheney*, 630 F. Supp. 2d 886, 895-96 (E.D. Tenn. 2009) (finding that guidelines are entitled to less weight); *United States v. Beiermann*, 599 F. Supp. 2d 1087, 1100-07 (N.D. Iowa 2009) (categorically rejecting guidelines); *see* Alan Ellis & Karen L. Landau, *Child Pornography Guidelines Are Ripe for Challenge*, Criminal Justice, Summer 2009, at 46 (describing issues).

In this case, because of the relatively small difference between the guideline range and the sentence imposed, it is not necessary for me to decide whether, as a matter of policy, the normal deference to the guidelines in child pornography cases is appropriate, and I reserve decision on that issue.

On the other hand, the defendant's history of psychological and social isolation counsels a lesser term of imprisonment. Compared with other viewers of child pornography, he is less likely to have realized the wrongfulness of his conduct. In addition, his personality traits mean that imprisonment will be more difficult for him than the average inmate; normal prison conditions will produce more emotional hardship, and he is more likely to be victimized by other inmates.

I also must consider that the defendant requires a lengthy course of mental health rehabilitation. Such treatment is available in a noncustodial setting, and would be required for the defendant upon release, no matter what the term of his imprisonment. Accordingly, this factor does not necessarily lead to a longer prison term.

Finally, the evidence indicates that the defendant may not reoffend, particularly with careful supervision and persistent treatment. He has no history of sexual aggression or inappropriate physical contact with children. Lengthy incarceration is less necessary in order to protect the public, since he will be under strict sexual offender conditions of supervision following release from imprisonment.[6]

---

[6] These conditions include, among others, prohibition against any contact with children, mandatory mental health treatment, and state sex offender registration. I will also restrict his possession of a computer or other device allowing access to the Internet without the express prior permission of the supervising probation officer.

III

Considering all of these factors, and for the foregoing reasons, I find that a prison sentence of 18 months is appropriate, to be followed by supervision for 10 years.

DATED: November 5, 2009

/s/ JAMES P. JONES
Chief United States District Judge